**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| OPTi Inc. | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No.: 2:06-CV-00477 CE |
| | ) | Jury Trial Demanded |
| | ) | |
| Advanced Micro Devices, Inc. | ) | |
| | ) | |
| Defendant. | ) | |

**OPTi INC.'S MOTIONS *IN LIMINE***

## TABLE OF CONTENTS

Page

Motion in Limine No. 1:  Any evidence, testimony, argument, or reference regarding the possible issuance of an injunction, an award of treble damages, or an award of attorneys' fees ..................................................................................................1

Motion in Limine No. 2:  Any evidence, testimony, or reference to either party's withdrawal of any claims, counterclaims, or defenses ..........................................2

Motion in Limine No. 3:  Any evidence, testimony, argument, or other comments regarding any reference to the workload of the PTO or any attempt to disparage the PTO ..................................................................................................................2

Motion in Limine No. 4:  Any evidence, testimony, or reference suggesting that the patents-in-suit issued under the wrong obviousness standard or that the obviousness standard has changed..................................................................................3

Motion in Limine No. 5: Any evidence, testimony, argument, or other reference regarding mediation, settlement or related agreements ......................................4

Motion in Limine No. 6: Any evidence, testimony, or reference to other litigation and settlement agreements related to other litigation between OPTi and AMD and other parties. ...........................................................................6

Motion in Limine No. 7: Any evidence, testimony, argument, or other comments regarding OPTi's duty of candor or any accusations of inequitable conduct against OPTi........................................................................................................6

Motion in Limine No. 8: Any evidence, testimony, argument, or other reference to any testimony relating to the alleged relative importance of the claim elements of any of the claims of the patents-in-suit .......................................7

Motion in Limine No. 9: Any evidence, testimony, argument, or other reference to any purported prior art references that were not in AMD's Invalidity Contentions and/or were not specifically charted out pursuant to the requirements of P.R. 3-3 ...............................................................................................8

Motion in Limine No. 10: Any evidence, testimony, argument, or other references contrary to the Court's Markman Order or the claim construction process involved in the same........................................................................8

Motion in Limine No. 11: Any evidence, testimony, argument, or other reference to (1) any jury study or focus groups that have been conducted by either party or (2) the use by either party of a shadow jury during trial .........................9

i

Motion in Limine No. 12: Any evidence, testimony, argument, or other
reference to any discovery disputes in this case ...............................................................10

Motion in Limine No. 13: Any evidence, testimony, or reference to OPTi
as a "patent troll" or similar characterization ....................................................................10

Motion in Limine No. 14: Any testimony by fact witnesses regarding
matters of law......................................................................................................................10

Motion in Limine No. 15:  Any evidence, testimony, argument, or other
comment regarding the size of or current financial conditions of the parties....................10

Motion in Limine No. 16:  Any evidence, testimony, argument, or other
comment regarding AMD's equitable defenses of laches and estoppel ............................11

Motion in Limine No. 17:  Any evidence, testimony, argument, or other
comment regarding any claim of spoliation of evidence ...................................................13

Motion in Limine No. 18:  Any evidence, testimony, argument, or
other comment regarding any opinion of counsel as a defense to
willful infringement ............................................................................................................14

Motion in Limine No. 19:  Any evidence, testimony, argument, or
other comment regarding the parties' privilege logs or assertions of privilege.................14

Motion in Limine No. 20:  Any evidence, testimony, argument, or
other comment regarding expert opinions not previously disclosed in
an expert report or deposition of the expert. .....................................................................15

Plaintiff OPTi Inc. ("OPTi") hereby moves this Court for an order *in limine* instructing counsel for Advanced Micro Devices, Inc. ("AMD") and all witnesses called by or on behalf of AMD, to refrain from making any mention before the jury or prospective jurors, in any manner whatsoever, of any of the matters described below, for the reasons cited therein.

Motion *in Limine* No. 1: Any evidence, testimony, argument, or reference regarding the possible issuance of an injunction, an award of treble damages, or an award of attorneys' fees.

OPTi seeks an injunction against AMD prohibiting it from continuing its infringing conduct as well as treble damages and attorneys' fees. Any testimony or argument advising the jury of this in an attempt to urge the jury to award limited damages is clearly improper. The Court, not the jury, determines whether the issuance of an injunction, an award of treble damages, or an award of attorneys' fees is appropriate. *See* 35 U.S.C. §§ 283-285. Enhanced damages, attorneys' fees, and the possibility of an injunction are irrelevant to the jury's deliberations. Calling them to the jury's attention would serve only to confuse the jury, unduly prejudice OPTi, and waste time. *See* FED. R. EVID. 401-403.

Courts prohibit defendants from referencing the possibility of an injunction, treble damages, and attorneys' fees because such references do not serve a legitimate purpose and interfere with the statutory scheme. *See, e.g.*, *United States ex rel. Miller v. Bill Harbert Int'l Const., Inc.,* No. 95-1231, 2007 U.S. Dist. LEXIS 17792, at *7-*8 (D.D.C. Mar. 14, 2007). Generally, courts preclude references "to treble damages, attorneys fees, or other court-determined awards that might pervert the jury's damages determination." *Id.*, at *9-*10 Accordingly, OPTi requests that the Court preclude both parties from making any reference to an injunction, enhanced damages or an award of attorneys' fees for any reason in the presence of the jury.

Motion *in Limine* No. 2: Any evidence, testimony, or reference to either party's withdrawal of any claims, counterclaims, or defenses.

OPTi and AMD have previously asserted claims and counterclaims, along with defenses, that have been withdrawn prior to trial. These withdrawn claims, counterclaims, or defenses are not relevant for any purpose and testimony relating to such withdrawn claims should be excluded by this Court. *See* FED. R. EVID. 401 and 402; *see also EZ Dock, Inc. v. Schafer Sys., Inc.*, No. 98-2364, 2003 U.S. Dist. LEXIS 3634, at *37 (D. Minn. Mar. 8, 2003) ("The Court finds that EZ Dock's dismissal of certain claims has no relevance to the patent infringement claim the jury must decide."). Even if this Court were to find that these withdrawn claims, counterclaims, or defenses are relevant for some purpose, any presentation of such evidence to the jury would pose a significant danger of irreversible prejudice and confusion of the issues that could not be corrected by an instruction from the Court. *See* FED. R. EVID. 403. OPTi requests that this Court enter an order precluding both parties and their counsel from introducing evidence, eliciting testimony, or making statements relating to any withdrawn claims, counterclaims, or defenses that are no longer asserted in this matter.

Motion *in Limine* No. 3: Any evidence, testimony, argument, or other comments regarding any reference to the workload of the PTO or any attempt to disparage the PTO.

OPTi respectfully requests that this Court preclude either party from offering or eliciting any evidence or argument related to internal United States Patent & Trademark Office ("PTO") practices, and more specifically, that the PTO is overworked, backlogged, not competent, or otherwise not functioning in a proper manner. Any such evidence is irrelevant since the evidence is not material to any of the issues in dispute. *See* FED. R. EVID. 401 and 402; *United States v. Polakoff*, 439 F.2d 1113, 1114 (5th Cir. 1971); *United States v. Fountain*, 2 F.3d 656, 667 n.7 (6th Cir. 1993). AMD should not be allowed to make a collateral attack on the presumption of validity. AMD has no evidence that the examiners who reviewed the

applications for the patents-in-suit were under bureaucratic pressure or suffered from issues that impacted the quality of their work. *See, e.g.*, *EZ Dock*, 2003 U.S. Dist. LEXIS 3634, at *36 ("As for assertions that the PTO and its examiners are not diligent or are prone to error, the Court can find no relevance in either evidence to that effect or argument."). In addition, such attacks would show inappropriate disrespect for a quasi-judicial administrative body. *See United States v. Morgan*, 313 U.S. 409, 422 (1941); *Western Electric Co. v. Piezo Technology, Inc.*, 860 F.2d 428, 431-33 (Fed. Cir. 1998). Any statements or references to the PTO's workload or any attempt to disparage the PTO are improper collateral attacks on the presumption of validity and must be excluded.

Motion *in Limine* No. 4: Any evidence, testimony, or reference suggesting that the patents-in-suit issued under the wrong obviousness standard or that the obviousness standard has changed.

AMD should not be allowed to argue that the patents-in-suit were issued under the wrong obviousness standard. Although OPTi acknowledges that the Supreme Court's recent decision in *KSR Int'l Co. v. Teleflex Inc.*, 127 S.Ct. 1727 (2007), somewhat altered the obviousness landscape by rejecting the rigid application of the "teaching/suggestion/motivation" test, the change is irrelevant to any issue to be decided by the jury. AMD should not be allowed to use this decision to improperly attack the PTO or the patents-in-suit or to advise the jury that the obviousness standard has changed because the patents-in-suit are still presumed valid. *See* 35 U.S.C. § 282; *Fromson v. Advance Offset Plate, Inc.*, 755 F.2d 1549, 1555 (Fed. Cir. 1985) (holding that the presumption of validity is "static" and can neither be strengthened nor destroyed). AMD will have the opportunity at trial to attempt to show that the patents-in-suit are invalid for failing to satisfy the obviousness requirement. Moreover, there is no evidence that the examiners applied the rigid "teaching/suggestion/motivation" test. *See, e.g.*, *Eolas Techs.*,

3

*Inc. v. Microsoft Corp.*, 270 F. Supp. 2d 997, 1008-09 (N.D. Ill. 2003) (prohibiting testimony related to issues of law).

It is solely within the Court's purview to instruct the jury on obviousness. It is therefore improper for AMD to instruct the jury otherwise. *See* FED. R. CIV. P. 51; *see also Bales v. Uptergrove*, No. 00-7009, 2001 U.S. App. LEXIS 3101, at *5 (10th Cir. Mar. 1, 2001) ("It is the province of the district court to instruct the jury concerning the law applicable to a case, not that of the litigants' attorneys.").

Any contradictory argument implying that the PTO used the wrong standard is untrue, unfairly prejudicial, and misleading to the jury. *KSR* did not change the law that patents are presumed valid under 35 U.S.C. § 282; nor has it changed the burden of a party asserting invalidity to prove it by clear and convincing evidence. *See Takeda Chem. Indus. v. Alphapharm Pty., Ltd.*, 492 F.3d 1350, 1354-55 (Fed. Cir. 2007). Any assertion that the presumption of validity is no longer recognized or that the PTO used the wrong standard would be in effect a request that this Court make new law by instructing the jury that the presumption of validity has been abolished by *KSR* and its progeny. For these reasons, allowing the parties to attack the PTO by suggesting that it may have applied the wrong obviousness standard would be unduly prejudicial and would certainly confuse the jury. *See* FED. R. EVID. 403.

<u>Motion *in Limine* No. 5</u>: Any evidence, testimony, argument, or other reference regarding mediation, settlement or related agreements.

The substance of any mediation or settlement meetings by OPTi or AMD with any party is protected by Federal Rule of Evidence 408; *see also Pioneer Hi-Bred Int'l, Inc. v. Ottawa Plant Food, Inc.*, 219 F.R.D. 135, 143-44 (N.D. Iowa 2003) (granting "Pioneer's motion to exclude evidence regarding settlements between Pioneer and the original defendants in this action" as "the details of any settlement with other defendants is not ordinarily admissible").

Nevertheless, OPTi anticipates that AMD will attempt to introduce OPTi's previous settlements as well as certain AMD settlements into evidence as relevant to the reasonable royalty determination or for some other impermissible purpose. AMD should be precluded from doing so. A license made after infringement has begun, and where litigation between the licensee and licensor was threatened or probable, is not proper evidence of a reasonable royalty. *See Deere & Co. v. Int'l Harvester Co.*, 710 F.2d 1551, 1557-1558 (Fed. Cir. 1983) (upholding district court's determination that license "negotiated against a backdrop of continuing litigation and . . . infringement" had little or no probative value for the issue of damages). "Licenses based on 'offers [that] were made after the infringement had begun and litigation was threatened or probable . . . should not be considered evidence of an established royalty, since license fees negotiated in the face of a threat of high litigation costs may be strongly influenced by a desire to avoid full litigation.'" *Spreadsheet Automation Corp. v. Microsoft Corp.*, Case No. 2:05-cv-127-DF, 2007 WL 4386258, at *4, (E. D. Tex. Feb. 23, 2007) (quoting *Hanson v. Alpine Valley Ski Area, Inc.*, 718 F.2d 1075, 1078-79 (Fed. Cir. 1983)) (alterations in original).

Moreover, "[e]vidence of consent decrees, settlements, and licenses made under the threat of litigation, offered for the purpose of 'perspective' or 'context,' would likely confuse the jury, and the jury would be unlikely to consider such evidence only as 'context' for a reasonable royalty." *Spreadsheet Automation Corp.*, 2007 WL 4386258, at *5. Consequently, such evidence is inadmissible. *See id*; *see also Hanson*, 718 F.2d at 1078-79.

5

<u>Motion *in Limine* No. 6</u>: Any evidence, testimony, or reference to other litigation and settlement agreements related to other litigation between OPTi and AMD and other parties.

The Court should exclude evidence of litigation and settlement agreements reached in connection with other litigation between OPTi and AMD and other parties. Courts "routinely exclude" evidence of other litigation because it is rarely relevant and usually unfairly prejudicial. *See, e.g., Blancha v. Raymark Indus.*, 972 F.2d 507, 516 (3d Cir. 1992); *see also Kinan v. Brockton*, 876 F.2d 1029, 1034-35 (1st Cir. 1989) (excluding evidence of other litigation on FRE 403 grounds). AMD may seek to confuse the jury by reference to other separate litigation involving the parties. That the parties have been, and remain, engaged in different disputes can only distract and confuse the jury. Thus, the Court should exclude any such evidence.

<u>Motion *in Limine* No. 7</u>: Any evidence, testimony, argument, or other comments regarding OPTi's duty of candor or any accusations of inequitable conduct against OPTi.

The question of whether inequitable conduct has occurred is equitable in nature. *See Solarex Corp. v. Arco Solar, Inc.*, 870 F.2d 642, 644 n.2 (Fed. Cir. 1989); *see also Kingsdown Med. Consultants, Ltd. v. Hollister Inc.*, 863 F.2d 867, 876 (Fed. Cir. 1988); *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987). It is not an issue for the jury to decide. *See PerSeptive Biosystems, Inc. v. Pharmacia Biotech, Inc.*, 225 F.3d 1315, 1318 (Fed. Cir. 2000) ("The defense of inequitable conduct is entirely equitable in nature, and thus not an issue for a jury to decide."); *Gen. Electro Music Corp. v. Samick Music Corp.*, 19 F.3d 1405, 1408 (Fed. Cir. 1994) ("The disputed issues of fact underlying the issue of inequitable conduct are not jury questions, the issue being entirely equitable in nature."); *Paragon Podiatry Lab. v. KLM Lab.*, 984 F.2d 1182, 1190 (Fed. Cir. 1993) (per curiam) ("The defense of inequitable conduct in a patent suit, being entirely equitable in nature, is not an issue for a jury to decide.").

Since the issue of inequitable conduct is reserved for the Court, any related evidence or commentary should be excluded at trial before the jury. *See* FED. R. EVID. 401 and 402. As

applied here, any inequitable conduct allegation is irrelevant to the issues to be decided by the jury. "Thus the *conduct-of-the-applicant-in-the-PTO* issue raised in the nonjury trial and the separated infringement/validity issues are distinct and without commonality either as claims or in relation to the underlying fact issues." *Gardco Mfg.*, 820 F.2d at 1213.

Even if the Court were to find such evidence minimally probative, any probative value is highly outweighed by the prejudicial impact of such evidence, and the Court should exclude such evidence under Federal Rule of Evidence 403. Permitting AMD to reference or offer evidence on alleged inequitable conduct would suggest that OPTi and/or its employees and agents are "dishonest," creating juror bias against OPTi and distracting the jurors from the true issues that they must decide. Exclusion under FED. R. EVID. 403 is warranted due to the very real risk of confusing jurors and unfairly inviting them to make a determination based on "equitable" considerations that do not enter into any determination they must make and as to which they will not be instructed. *See Pioneer*, 219 F.R.D. at 145.

Motion *in Limine* No. 8: Any evidence, testimony, argument, or other reference to any testimony relating to the alleged relative importance of the claim elements of any of the claims of the patents-in-suit.

The Court should not allow any statements or testimony asserting that any particular claim element of any claim of the patents-in-suit is more important than any of the other claim elements. The claims define the invention as a whole. *See, e.g.*, *Warner-Jenkinson Co. v. Hilton Davis Chem. Co.*, 520 U.S. 17, 29 (1997) ("Each element contained in a patent claim is deemed material to defining the scope of the patented invention[.]"); *Radio Steel & Mfg. Co. v. MTD Products, Inc.*, 788 F.2d 1554, 1556 (Fed. Cir. 1986). Any such statements would be an incorrect assertion of law and would pose a significant danger of irreversible prejudice, confusion of the issues, and misleading the jury that could not be corrected by an instruction from the Court. FED. R. EVID. 403. Accordingly, OPTi requests that the Court preclude AMD

from offering or eliciting testimony that any particular claim element of the patents-in-suit is more important than any other claim elements.

Motion *in Limine* No. 9: Any evidence, testimony, argument, or other reference to any purported prior art references that were not in AMD's Invalidity Contentions and/or were not specifically charted out pursuant to the requirements of P.R. 3-3.

AMD should be precluded from soliciting or offering testimony, evidence, or argument concerning any evidence of invalidity not disclosed to OPTi in writing in AMD's Invalidity Contentions. P.R. 3-3 expressly required AMD to disclose all references, along with claim charts, in its Invalidity Contentions. *See* P.R. 3-3(a); P.R. 3-3(c) ("A chart identifying where specifically in each alleged item of prior art each element of each asserted claim is found"). To the extent AMD did not identify or chart certain references in its Invalidity Contentions, AMD's reliance on them now is precluded by P.R. 3-3 and P.R. 3-6 and would cause OPTi to suffer unfair prejudice. To prevent any harm caused by disregard of P.R. 3-3, the Court should preclude AMD from arguing that any of the asserted claims are met by references which were not properly charted in accordance with the requirements of P.R. 3-3.

Motion *in Limine* No. 10: Any evidence, testimony, argument, or other references contrary to the Court's Markman Order or the claim construction process involved in the same.

AMD should be precluded from offering testimony about or referring to all of the following: (i) The parties' arguments and positions relating to the Markman process; (ii) this Court's reasoning or thought processes underlying its claim constructions; (iii) any testimony or argument trying to limit the scope of the claims, or alter the Court's claim construction, based on the preferred embodiment; and (iv) any testimony or argument that would contradict the constructions this Court adopted. Testimony or argument relating to these subjects is not relevant. *See* FED. R. EVID. 401 and 402. It is well settled that testimony concerning conclusions of law improperly usurps the judge's "role of deciding law for the benefit of the jury." *Askanase*

8

*v. Fatjo*, 130 F.3d 657, 673 (5th Cir. 1997). Additionally, the prejudice, confusion, and waste of time associated with introducing to the jury evidence regarding the claim construction process (with the exception of this Court's specific claim constructions) substantially outweighs the probative value of such evidence, if any. *See* FED. R. EVID. 403.

Likewise, AMD should not be permitted to offer testimony regarding this Court's failure to adopt any of OPTi's proposed claim constructions during the Markman process. The Court's decision not to adopt any of OPTi's proposed claim construction positions should not be presented to the jury in an effort to suggest that the Court found against OPTi. *See, e.g.*, *Markman v. Westview Instruments*, 517 U.S. 370, 372 (1996) ("We hold that the construction of a patent, including terms of art within its claim, is exclusively within the province of the court."); *Eolas Techs.*, 270 F. Supp. 2d at 1008 (prohibiting expert from testifying on interpretations and issues of law as "assessments of the law are the province of this court").

Motion *in Limine* No. 11: Any evidence, testimony, argument, or other reference to (1) any jury study or focus groups that have been conducted by either party or (2) the use by either party of a shadow jury during trial.

To the extent that either party (i) has conducted any focus groups or jury studies regarding this litigation or (ii) plans to use a shadow jury during trial, the parties should be precluded from referencing such information to the jury at trial. The fact that either party may have used focus groups or jury studies or intends to use a shadow jury is wholly irrelevant to any factual issue in this case. *See* FED. R. EVID. 401 and 402. Calling the jury's attention to the existence of any focus group, jury study, or shadow jury would serve only to confuse the jury, cause unfair prejudice, and waste time. *See* FED. R. EVID. 403.

Motion *in Limine* No. 12: Any evidence, testimony, argument, or other reference to any discovery disputes in this case.

Discovery disputes in this case have no bearing on the issues to be decided by the jury; such evidence is irrelevant, would be unduly prejudicial to OPTi, and would be distracting to the jury. *See* FED. R. EVID. 401, 402, and 403.

Motion *in Limine* No. 13: Any evidence, testimony, or reference to OPTi as a "patent troll" or similar characterization.

OPTi requests that the Court preclude AMD from presenting any evidence, comment, or reference to OPTi as a "patent troll," "patent pirate," or "shell corporation" or any other reference that OPTi exists solely for the purpose of patent litigation. These types of derogatory descriptions of OPTi are irrelevant to the issues in this lawsuit and would unfairly prejudice OPTi. *See Novo Nordisk A/S v. Becton Dickinson & Co.*, 304 F.3d 1216, 1220 (Fed. Cir. 2002). Moreover, OPTi has manufactured and sold products in the past. That it does no longer is irrelevant to any issue in this case. Any probative value of permitting AMD to offer such evidence would be greatly outweighed by the prejudice it would cause OPTi.

Motion *in Limine* No. 14: Any testimony by fact witnesses regarding matters of law.

OPTi requests that the Court preclude AMD from offering any testimony by fact witnesses about matters of law. Fact witnesses are not qualified to testify about legal issues. *See* FED. R. EVID. 701. Purely legal issues are for the Court to determine. Accordingly, any testimony about legal issues by fact witnesses would improperly invade the province of the Court.

Motion *in Limine* No. 15: Any evidence, testimony, argument, or other comment regarding the size of or current financial conditions of the parties.

Evidence of the current financial conditions of the parties should not be presented to the jury because such evidence is irrelevant and should be excluded because it has no bearing on the

10

infringement and validity issues of this case, and such evidence is also not relevant to the award and calculation of damages. *See, e.g., Marvin Johnson, P.C. v. Shoen*, 888 F. Supp. 1009, 1013 (D. Ariz. 1995) ("The financial standing of a defendant is ordinarily inadmissible as evidence in determining the amount of compensatory damages to be awarded."). The calculation of a reasonable royalty is premised on a hypothetical negotiation that would have taken place at the time infringement started. In other words, current financial conditions are not taken into consideration.

Moreover, the danger of undue prejudice resulting from introducing evidence of current financial conditions is far too great to justify the use of such evidence at trial. *See, e.g., Geddes v. United Financial Group*, 559 F.2d 557, 560 (9th Cir.1977) ("[T]he ability of a defendant to pay the necessary damages injects into the damage determination a foreign, diverting, and distracting issue which may effectuate a prejudicial result."); *Atkinson Warehouse and Distribution, Inc. v. Ecolab, Inc.*, 99 F. Supp. 2d 665, 667 (D. Md. 2000) (excluding evidence of a party's financial difficulties pursuant to Federal Rule of Evidence 403). Likewise, evidence regarding the size of or number of employees of the parties is irrelevant and should be excluded.

<u>Motion *in Limine* No. 16</u>: Any evidence, testimony, argument, or other comment regarding AMD's equitable defenses of laches and estoppel.

AMD has asserted affirmative defenses of, *inter alia*, the equitable defenses of laches and estoppel. Pursuant to Federal Rule of Civil Procedure 42(b), for "convenience, to avoid prejudice, or to expedite and economize, [a] court may order a separate trial of one or more separate issues…." Fed. R. Civ. P. 42(b). Application of this rule is left to the sound discretion of the trial court, and it has been long applied to separate issues of liability from affirmative defenses, especially in patent cases. *See, e.g., Bowie v. Sorrell*, 209 F.2d 49, 51 (4th Cir. 1954) (district judge did not abuse discretion and "acted altogether properly in granting a separate trial

upon the issue" of an affirmative defense); *Gardco Mfg., Inc. v. Herst Lighting Co.*, 820 F.2d 1209, 1212 (Fed. Cir. 1987) ("Under Rule 42(b), a district court has broad discretion in separating issues and claims for trial as part of its wide discretion in trial management. It may, therefore, order a trial on unenforceability separate from an infringement trial that may involve an invalidity defense."); *Westvaco Corp. v. International Paper Co.*, No. 3:90cv00601, 1991 WL 398677, *18 (E.D. Va. May 7, 1991) ("The question of separate trials is ultimately committed to the discretion of the trial court…[and s]eperate trials are often ordered in patent cases.").

In the present case, Federal Rule of Civil Procedure 42(b) should be applied to separate the jury issues of infringement, validity, and damages from the equitable issues of laches and estoppel because: (1) the Court alone must resolve these equitable defenses, and presenting related evidence to the jury would only waste time; and (2) evidence relating to these equitable defenses is irrelevant to the jury issues of infringement, validity, and damages, and its use before the jury would be prejudicial and confusing.

There is no question that AMD's laches and equitable estoppel defenses are equitable in nature. *See, e.g., Scholle Corp v. Blackhawk Molding Co., Inc.*, 133 F.3d 1469, 1471 (Fed. Cir. 1998) ("Equitable estoppel is an equitable defense to infringement…."); *A.C. Aukerman Co. v. R.L. Chaides Const. Co.*, 960 F.2d 1020, 1027-1029 (Fed. Cir. 1992) (holding that laches is an equitable defense to patent infringement).

As such, the Court – and not the jury – must ultimately resolve AMD's equitable defenses. *See Hemstreet v. Computer Entry Systems Corp.*, 972 F.2d 1290, 1292 (Fed. Cir. 1992) ("Laches and estoppel are equitable defenses, committed to the sound discretion of the trial court."). Even the underlying issues of fact are for the Court to alone consider. *See General Electro Music Corp. v. Samick Music Corp.*, 19 F.3d 1405, 1408 (Fed. Cir. 1994) ("The disputed

issues of fact underlying the issue of inequitable conduct are not jury questions, the issue being entirely equitable in nature.").

Consequently, "trials to different fact finders may be required in actions having law and equity components because of the jury's inability to fashion equitable remedies." *Vodusek v. Bayliner Marine Corp.*, 71 F.3d 148, 153 (4th Cir. 1995); *see also DaimlerChrysler AG v. Feuling Advanced Techs., Inc.*, 276 F. Supp. 2d 1054, 1056 (S.D. Cal. 2003) (bifurcating inequitable conduct issues from patent infringement trial). Accordingly, argument and evidence relating to AMD's equitable defenses should not be presented to the jury.

Motion *in Limine* No. 17: Any evidence, testimony, argument, or other comment regarding any claim of spoliation of evidence

Any and all references to destruction of documents by OPTi should be precluded because under Federal Rule of Evidence 403 the probative value of such evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues. AMD may seek to introduce testimony and/or argument that OPTi did not retain documents relating to the patents-in-suit. However, to the extent that any such relevant documents were not retained, AMD has adduced no evidence that OPTi did so in bad faith. Indeed, the only evidence that exists is that, during each of the approximate five downsizings that OPTi went through beginning in 1998, the OPTi employees remaining in each area of the company (such as R&D or marketing) went through their respective area's documents and kept those documents needed for the ongoing business. In 1999, OPTi's ongoing business no longer included the core logic business of OPTi and thus very few core logic documents were maintained. Any documents that were discarded were not discarded out of bad faith but rather in the then-ordinary course of OPTi's business. Therefore, AMD is not entitled to any adverse inference that the documents would have been favorable to AMD's position. *See Vick v. Texas Empl. Comm'n*, 514 F.2d 734, 737 (5th Cir.

13

1975); *Caparotta v. Entergy Corp.*, 168 F. 3d 754, 756 (5th Cir. 1999). Consequently, the probative value of any evidence regarding OPTi's routine destruction of draft agreements and other documents would be unfairly prejudicial and would confuse the issues at hand.

Indeed, in *Caparotta*, the Fifth Circuit vacated the trial court decision and remanded for a new trial holding that "the introduction of evidence regarding the destruction of documents, where the destruction is not in bad faith. . . was an abuse of discretion" and that "the substantial rights of Entergy were affected by the admission of the evidence in the aforementioned manner and tainted the judgment of the jury." *Caparotta*, 168 F.3d at 758. Thus, any and all reference to any destruction of documents by OPTi should be precluded.

Motion *in Limine* No. 18: Any evidence, testimony, argument, or other comment regarding any opinion of counsel as a defense to willful infringement.

OPTi moves the Court to bar AMD from relying, in any manner, on an opinion of counsel as part of a defense to willful infringement. AMD has not complied with the requirements of P.R. 3-8, and as such, "shall not be permitted to rely on an opinion of counsel as part of a defense to willful infringement." P.R. 3-8.

Motion *in Limine* No. 19: Any evidence, testimony, argument, or other comment regarding the parties' privilege logs or assertions of privilege.

OPTi moves the Court to bar AMD from mentioning, referring to or relying on any entry on either parties' privilege log or any assertion of the privilege by the parties. That a privilege was asserted in this case is irrelevant to any issues in the case facing the jury. Even if such an assertion was somehow relevant, its probative value would be outweighed by its prejudicial nature. *See* FED. R. EVID. 403. Indeed, it could lead the jury to draw an adverse inference, which is wholly improper.

<u>Motion *in Limine* No. 20</u>: Any evidence, testimony, argument, or other comment regarding expert opinions not previously disclosed in an expert report or deposition of the expert.

The parties should not be allowed to offer expert testimony or opinions of their respective experts that have not been previously disclosed in an expert report or deposition of an expert. The Federal Rules and the case law support this position. Federal Rule of Civil Procedure 26(a)(2)(B) requires disclosure of expert opinions in a written report. Federal Rule of Civil Procedure 26(e) allows for supplemental disclosures. If party fails to disclose information required by Federal Rule of Civil Procedure 26 — such as opinions in a written report or at a deposition — an appropriate remedy is exclusion of the undisclosed opinion at trial. *See* Fed. R. Civ. P. 37(c)(1) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or 26(e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."); *see also Walsh v. McCain Foods Ltd.*, 81 F.3d 722, 727 (7th Cir. 1996) (upholding district court's decision to "limit [expert's] testimony to that previously disclosed . . . in his [expert] report and deposition" and reasoning that "[a party] cannot legitimately argue that [its expert] should have been allowed to testify about matters not previously disclosed to the [opposing party].").

## **CONCLUSION**

The topics made subject to this motion are not relevant to any factual issue in this case, and, were they to be placed before the jury, OPTi would suffer undue prejudice. For these reasons, and those mentioned above, OPTi requests that this Court order that the parties, all counsel, and any and all witnesses, be instructed to refrain from any mention or interrogation, directly or indirectly, in any manner whatsoever, including the offering of documentary evidence or through deposition, any of the matters set forth in this motion.

Dated: December 5, 2008    Respectfully Submitted,

OPTI Inc.

By:

  /s/    Sam Baxter
        One of its Attorneys

Michael L. Brody
Taras A. Gracey
J. Ethan McComb
Sarah J. Frey
WINSTON & STRAWN LLP
35 West Wacker Dr.
(312) 558-5600
(312) 558-5700
Mbrody@winston.com
tgracey@winston.com
emccomb@winston.com
sfrey@winston.com

Samuel F. Baxter
Gary Kitchen
MCKOOL SMITH, PC
104 E. Houston
Suite 300
Marshall, Texas 75670
Phone: (903) 923-9000
Fax: (903) 923-9099
sbaxter@mckoolsmith.com
gkitchen@mckoolsmith.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via electronic mail on December 5, 2008. The undersigned also hereby certifies that all counsel of record who have consented to electronic service are being served with a notice of filing of this document, on December 5, 2008, via the Court's CM/ECF system per Local Rule CV-5(a)(3). Any other counsel of record will be served by first class mail on this same date.

      /s/    Sam Baxter

**CHI:2188337.1**